**William Roscoe WHITE, Appellant,**

v.

**Donald WYRICK, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Appellee.**

No. 76–1148.

United States Court of Appeals, Eighth Circuit.

March 2, 1976.

Webster, J., filed a dissenting opinion.

William Roscoe White, pro se.

John C. Danforth, Atty. Gen., Jefferson City, Mo., for appellee.

Before LAY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

This matter comes before this court on the petitioner's application for a certificate of probable cause. Petitioner, who is an inmate of the Missouri State Penitentiary, filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Missouri alleging that the evidence was insufficient to support his conviction for first degree murder, and alleging that he had exhausted available state remedies.

The district court dismissed the petition solely on the basis that the petitioner was currently appealing a denial by the Circuit Court of Cape Girardeau County, Missouri of his post-conviction petition, and that therefore he had failed to exhaust available state remedies.

A review of the Missouri Court of Appeals—St. Louis District court file of petitioner's pending Rule 27.26 appeal indicates that petitioner did not raise the question that there existed lack of evidence to sustain his conviction in that proceeding. Consequently, we are unable to hold that petitioner has failed to exhaust state remedies with respect to the issue raised below; his petition asserts that he has exhausted this issue in another state court proceeding. *See Tyler v. Swenson,* 483 F.2d 611 (8th Cir. 1973).

We note, however, that petitioner has pleaded that there is insufficient evidence, rather than a total lack of evidence to sustain his conviction. Federal courts do not have jurisdiction to review the sufficiency of evidence of state criminal convictions. *See Cunha v. Brewer,* 511 F.2d 894, 898 (8th Cir. 1975). However, we note that petitioner appears pro se and is entitled to have his pleadings interpreted liberally and his petition should be construed to encompass any allegation stating federal relief, i. e., that the record is void of any credible evidence to sustain a conviction. *See Sanders v. United States,* 373 U.S. 1, 22–23, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). However, if there appears any credible evidence appearing in the state trial his petition must be denied.

Therefore, it is ordered that petitioner's application for a certificate of probable cause be and it is hereby granted. It is further ordered that the judgment of dismissal be reversed and that this cause be remanded to the district court for further proceedings consistent with this order.

WEBSTER, Circuit Judge, dissenting.

I respectfully dissent. The factual allegations contained in petitioner's section

2254 petition state no more than that Judge Statler, the state trial judge, would support by opinion testimony his belief that there was insufficient evidence to support the conviction. While a liberal construction of the petition may be in order, it is impossible to glean from the petition any factual basis for an implied contention that there was no evidence to support the conviction. Petitioner carries this burden, and it seems to me that he must make his position discernible from his petition. Were it otherwise, no petition, however frivolous, could ever be dismissed where sufficiency of the evidence was the stated basis for the habeas corpus claim. This would defeat our holding in *Cunha v. Brewer,* 511 F.2d 894, 898 (8th Cir. 1975).