Dave Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

Before REINHARD, P.J., and KAROHL and GRIMM, JJ.

PER CURIAM.

Defendant pled guilty to felonious restraint, § 565.120, RSMo 1994, and first degree assault, § 565.050, RSMo 1994. The trial court imposed sentences of seven and fifteen years respectively.

Defendant appeals the denial, for untimely filing, of his Rule 24.035 motion. We affirm.

Defendant's Rule 24.035 motion was properly denied. The trial court sentenced defendant on April 21, 1994. He did not file his *pro se* motion until October 11, 1994, well outside the 90–day time limit.

The time limits contained in Rule 24.035 are mandatory. Rule 24.035(b). The supreme court has held them to be constitutionally valid and reasonable. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989).

The motion court's judgment is based on findings of fact that are not clearly erroneous. No error of law appears. An opinion would have no precedential value. Rule 84.16(b).

The motion court's judgment is affirmed.

---

**STATE of Missouri, Respondent,**

v.

**Antoine L. BRACKEN, Appellant.**

**Antoine L. BRACKEN,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 65441, 67772.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 20, 1996.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Blegen, Asst. Atty. Gen., Jefferson City, for respondent.

Before CRAHAN, P.J., and CRANDALL and DOWD, JJ.

420

## ORDER

PER CURIAM.

Defendant, Antoine Bracken, appeals from his judgments of conviction, following a jury trial, for second degree murder and armed criminal action. He was sentenced to two concurrent terms of life imprisonment. Defendant also appeals from the denial of his Rule 29.15 motion without an evidentiary hearing.

As to defendant's direct appeal, no jurisprudential purpose would be served by a written opinion. The judgments of conviction are affirmed. Rule 30.25(b).

The judgment of the trial court denying defendant's Rule 29.15 motion is based on findings of fact that are not clearly erroneous; no error of law appears. An opinion would have no precedential value. The judgment is affirmed. Rule 84.16(b).

Defendant's convictions for second degree murder and armed criminal action and the denial of defendant's Rule 29.15 motion are affirmed.