_____

No. 95-1967
_____

Jeffrey Eugene Frey,                  *
                                      *
          Petitioner-Appellee,        *      Appeal from the United States
                                      *      District Court for the
     v.                               *      District of North Dakota.
                                      *
Timothy Schuetzle, Warden, North      *
Dakota State Penitentiary,            *
                                      *
          Respondent-Appellant.       *


_____

               Submitted:  November 15, 1995

               Filed:  March 6, 1996
_____

Before HANSEN, LAY, and MURPHY, Circuit Judges.
_____


HANSEN, Circuit Judge.


     The Warden of the North Dakota State Penitentiary (State) appeals
from a district court order granting a writ of habeas corpus under 28
U.S.C. § 2254 to Jeffrey Frey, who was convicted of murder and aggravated
assault under North Dakota law.  The district court, adopting the report
and recommendation of a United States magistrate judge, ruled that Frey did
not knowingly and voluntarily waive his constitutional right to testify on
his own behalf.  We reverse and remand for further proceedings.


     Frey was charged and convicted of one count of AA murder and one
count of aggravated assault under North Dakota law and sentenced to a
combined term of 30 years of imprisonment.  Frey's conviction was affirmed
on direct appeal by the Supreme Court of

North Dakota.  State v. Frey, 441 N.W.2d 668 (N.D. 1989).  Frey's state court petition for postconviction relief was denied by the state trial court and by the Supreme Court of North Dakota on appeal.  Frey v. State, 509 N.W.2d 261 (N.D. 1993).

Assisted by retained counsel, Frey then filed the instant habeas petition raising three grounds for relief: (1) ineffective assistance of trial counsel; (2) actual innocence of AA murder; and (3) North Dakota's AA murder statute transgresses the 14th Amendment because it is void for vagueness and violates the equal protection clause.[1]  The district court

---

[1]Frey attached an addendum to his habeas petition which provided additional facts.  With respect to the ineffective assistance of counsel claim contained in ground (1) of his habeas petition, it states:

Ground 2 [sic] Supporting Facts.

(1) Trial counsel's refusal to permit petitioner to testify in his own behalf was incompetent and constituted ineffectiveness given the factual context of the case and the self-defense assertions of trial counsel to court and jury.

(2) Trial counsel was incompetent in telling the jury in opening statement they would hear testimony of specific facts supporting petitioner's acting in self-defense and then failing to present the petitioner's testimony.

(3) Any waiver of the AA Murder lesser-included offense instructions was made before petitioner learned he was not taking the stand to testify on his own behalf, and, therefore, could not have been knowing and intelligent.

(4) The cumulative effect of trial counsel's incompetencies and errors constituted ineffective assistance of counsel, probably changed the outcome, and deprived the petitioner of a fair trial.

(Appellant's App. at 9.)

-2-

referred the case to a magistrate judge for a report and recommendation. The magistrate judge concluded that Frey did not knowingly and voluntarily waive

his constitutional right to testify on his own behalf because his state trial counsel did not inform him that the decision of whether to testify on his own behalf was ultimately Frey's, and not counsel's, decision to make. In fact, the magistrate judge found, Frey's counsel suggested that he would withdraw if Frey insisted on testifying. The magistrate judge also relied on the fact that the state trial court failed to secure an on-the-record waiver from Frey. Based on this determination, the magistrate judge recommended granting Frey habeas relief on this basis and declined to address the other grounds for relief Frey asserted in his petition. The district court adopted the magistrate judge's report and recommendation. The State appeals from this ruling.

The State contends that the district court erred by granting Frey habeas relief on the basis that Frey did not knowingly and voluntarily waive his constitutional right to testify, because Frey never asserted such a theory as an independent ground for relief in his habeas petition. Rather, the State argues, throughout this habeas litigation Frey has couched his claim that he was not permitted to testify in terms of the ineffective assistance of counsel, and such a claim is fundamentally different from a stand-alone claim that a criminal defendant did not knowingly and voluntarily waive his right to testify. The State claims it was prejudiced by the magistrate judge's ruling because the court never informed the State that it was contemplating granting Frey habeas relief on a basis that was not pled or addressed by the parties in brief or argument. We agree.

We have stated in the past that we will not consider issues or grounds for relief that were not alleged in a prisoner's habeas petition. Williams v. Lockhart, 849 F.2d 1134, 1139 (8th Cir. 1988). Likewise, district courts must be careful to adjudicate only those claims upon which the petitioner seeks relief and take care not to decide claims upon which the habeas petitioner never

-4-

intended to seek relief. We note that as a general rule a <u>pro</u> <u>se</u> habeas petition must be given a liberal construction and that such a petitioner is not required to identify specific legal theories or offer case citations in order to be entitled to relief. <u>See</u> <u>Jones v. Jerrison</u>, 20 F.3d 849, 853 (8th Cir. 1994). However, federal courts should not grant habeas relief to a petitioner based upon a legal theory that involves an entirely different analysis and legal standards than the theory actually alleged by the petitioner. <u>See</u> <u>Williams</u>, 849 F.2d at 1139 (declining to address claim of insufficient evidence where sole grounds asserted for habeas relief were ineffective assistance of counsel). This is especially true when the habeas petition, as in this case, was prepared by counsel. <u>Jones</u>, 20 F.3d at 853 (citing treatise which observed that habeas petitions prepared by counsel require more specificity than <u>pro</u> <u>se</u> petitions and should cite specific statutory or constitutional basis upon which relief is sought).

In this case, as noted above, the magistrate judge recommended granting Frey habeas relief on the basis that he did not knowingly and voluntarily waive his right to testify. Frey did not allege such an independent basis for relief in his habeas petition, however, and has made no showing that he asserted this as a specific ground for relief in the district court. Frey contends that, giving a fair and liberal interpretation to the ineffective assistance of counsel claim contained in Ground 1 of his habeas petition, the magistrate judge appropriately concluded that this encompassed the separate claim that he did not knowingly and voluntarily waive his constitutional right to testify on his own behalf.

We disagree. In <u>El-Tabech v. Hopkins</u>, 997 F.2d 386, 389 (8th Cir. 1993), we held, albeit in the procedural default context, that a claim charging the denial of the constitutional right to testify on one's own behalf "is wholly unrelated to the elements of an

-5-

ineffective assistance of counsel claim."  The right to testify on one's own behalf at a state criminal trial is derived from the Fourteenth Amendment's due process clause, the Sixth Amendment's Compulsory Process Clause, and the Fifth Amendment's prohibition on compelled testimony, <u>Rock v. Arkansas</u>, 483 U.S. 44, 51-53 (1987), <u>United States v. Blum</u>, 65 F.3d 1436, 1444 (8th Cir. 1995) ("The right to testify on one's own behalf at a criminal trial is derived from the fifth and sixth amendments."); the right to <u>effective</u> assistance of counsel, however, is a necessary corollary to the Sixth Amendment's clause guaranteeing a criminal defendant the assistance of counsel in his defense.  <u>Strickland v. Washington</u>, 466 U.S. 668, 684-85 (1984).  Accordingly, if Frey was seeking habeas relief on the basis that he did not knowingly and voluntarily waive his right to testify, he should have explicitly pled that as a separate ground for relief in his federal habeas petition.[2]  The record indicates that both parties framed the issues and made their arguments before the magistrate judge based on Frey's ineffective assistance of counsel claim, and there is no indication that the magistrate judge apprised the State that he was contemplating granting Frey relief on a basis not set forth independently in the habeas petition.[3]

The district court erred in granting Frey habeas relief on a basis that was not alleged in his petition.  We therefore reverse the judgment of the district court and remand this case to the district court with directions to resolve each and all of the

---

[2]In reaching this conclusion, we remain mindful that Frey's habeas petition was prepared by retained counsel, and accordingly, we believe that we should only adjudicate those grounds upon which habeas relief was actually sought.

[3]The magistrate judge's report and recommendation does not mention <u>Strickland</u> or any of the cases interpreting it, or even discuss the term "ineffective assistance of counsel."  Thus, it cannot be argued that the district court granted Frey relief on the basis that his counsel was ineffective.

claims which Frey raised in his habeas petition.  On remand, Frey of course may seek permission from the district court to amend his habeas petition to include among his other claims for resolution a separate stand-alone constitutional claim that he did not knowingly and voluntarily waive his right to testify.[4]


A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[4]Given this disposition, we decline to address the State's contention that Frey did not present a claim in the North Dakota state courts that his waiver of his constitutional right to testify on his own behalf was not knowing and voluntary.