# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4202

_____

Antoine L. Bracken,                          *
                                         *
            Appellee,             *
                                       *   Appeal from the United States
      v.                       *   District Court for the
                                       *   Eastern District of Missouri.
Dave Dormire,                     *
                                       *
            Appellant.           *

_____

Submitted: November 14, 2000
Filed: April 5, 2001

_____

Before McMILLIAN, RICHARD S. ARNOLD, and BOWMAN, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Dave Dormire, Superintendent of the Jefferson City Correctional Center (the State), appeals the District Court's conditional grant of habeas corpus relief to Antoine Bracken, who was convicted in 1994 of second-degree murder and armed criminal action and was sentenced to two concurrent terms of life imprisonment. The State's appeal challenges the District Court's determination that Bracken's habeas petition properly raised the claim upon which it granted relief—that the trial court did not expressly find that Bracken's confession was voluntarily given before the court admitted it into evidence. While Bracken presented a general argument in his petition that his confession was "coerced," we find that he did not raise the voluntariness claim upon

which the District Court granted relief. The claim is procedurally defaulted and we reverse the District Court.

## I.

On December 28, 1992, a woman called the St. Louis Police Department to report her belief that her two-year-old daughter had been sexually abused by a man named Bryce Wade. An officer was dispatched to the residence and examined the girl but could find no signs of abuse. The next day the young girl's mother brought the child to the hospital for a more thorough examination, which proved inconclusive. Despite the inconclusive examination, the child's father, Terrell Moore, threatened to kill Bryce Wade for "raping" his daughter. Wade was last seen alive in late December 1992.

On March 21, 1993, a burned body was discovered in an abandoned building. The police analyzed the fingerprints from the body's unburned fingers and positively identified the body as Bryce Wade. The fire investigator concluded that kerosene had been poured on Wade and then was ignited, and the medical examiner determined that Wade had been alive at the time he was burned.

After receiving a tip from a relative of Terrell Moore that Antoine Bracken had information regarding Wade's death, the police picked up Bracken for questioning. Within three hours, Bracken had completed a videotaped confession in which he admitted that he and Moore had encountered Wade, whom they overpowered and dragged into an abandoned building. Bracken alleged that Moore struck Wade with a board several times and then doused him with kerosene and lit him on fire. In addition, detectives testified that Bracken took them to the abandoned building, re-enacted the assault on Wade, and identified the kerosene heater containing the kerosene that Moore had used in the assault.

The jury convicted Bracken, and the Circuit Court of the City of St. Louis sentenced him to life imprisonment. Bracken sought post-conviction relief pro se under Missouri Supreme Court Rule 29.15. Counsel was reappointed and filed an amended Rule 29.15 motion on Bracken's behalf. The motion was denied and the Missouri Court of Appeals summarily affirmed in a consolidated appeal. State v. Bracken, 916 S.W.2d 419, 420 (Mo. Ct. App. 1996) (per curiam). Bracken then filed a 28 U.S.C. § 2254 petition for habeas corpus relief. The District Court conditionally granted the writ, and the State now appeals.

## II.

The State argues that the District Court erred in granting relief because Bracken did not include in his habeas petition the claim that the trial judge failed to expressly rule on the voluntariness of his confession before admitting it into evidence as required under Jackson v. Denno, 378 U.S. 368 (1964). In Sims v. Georgia, 385 U.S. 538, 544 (1967), the Supreme Court expounded on its holding in Jackson by stating that "[a]lthough the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity." The State argues that Bracken's petition presented a substantive claim that as a matter of law his confession was coerced and involuntary—a different claim from the Jackson claim upon which the District Court granted conditional habeas relief.

Bracken first raised the general issue of the voluntariness of his confession during the trial court's pre-trial suppression hearing. The court ultimately denied the motion. The transcript of the suppression hearing is ambiguous, however, as to whether the trial court denied the motion to suppress and admitted the contested statements into evidence because it believed the statements were voluntary, or because the court felt it was the province of the jury to decide whether the statements were

voluntary.[1]  Despite the ambiguity, Bracken's trial counsel did not object to the court's failure to find the voluntariness of the statements on the record with unmistakable clarity as required under Jackson.

At trial, the videotaped confession was admitted into evidence and played for the jury.  Bracken's trial counsel renewed his earlier, general argument that the statements were involuntary, but did not argue that the trial court failed to find the voluntariness of those statements on the record with unmistakable clarity.

After Bracken was convicted, he filed a motion for a new trial.  Again, Bracken did not argue that the trial court failed to find the voluntariness of his statements on the record with unmistakable clarity.  The trial court denied the motion.  Bracken's next pleading—a consolidated appeal to the Missouri Court of Appeals—squarely raised the procedural-voluntariness Jackson claim for the first and only time.  The State opposed the Jackson claim on the grounds that it was procedurally defaulted and meritless.  The Missouri Court of Appeals summarily denied Bracken's appeal.

After his unsuccessful consolidated appeal to the Missouri Court of Appeals, Bracken filed a 28 U.S.C. § 2254 habeas corpus petition with the District Court.

---

[1]At the conclusion of the suppression hearing, the trial court stated:

> I think some of this has got to be a jury decision, the police officer came in and testified one way, and Mr. Bracken testified another way, and I wouldn't say Mr. Bracken or the police officer is lying but th[is] seems without something a little clearer I think it really gets down to a jury question, and the jury will have ample opportunity to hear from both sides . . . so I will probably overrule the Motion to Suppress Evidence Identification and at the same time we will let the jury make the determination.

Tr. at 100.

Bracken's habeas petition abandoned the procedural-voluntariness Jackson claim articulated in his consolidated appeal brief and returned to the general "coercion" argument found in his initial motions and Rule 29.15 motion. The District Court granted conditional relief on the Jackson claim and remanded to the trial court for a post-hoc finding on voluntariness.

The District Court relied on Ground Seven of Bracken's habeas petition to grant relief on the Jackson claim. Mem. and Order at 10-14. Ground Seven states:

> Ground Seven (7):
> Petitioner's conviction and sentence was [sic] obtained in violation of petitioner's rights guaranteed by the United States Constitution as well as petitioner's rights guaranteed by the Missouri Constitution in that the trial court erred to the prejudice of petitioner by overruling petitioner's timely objection [to the] admission of State's exhibit No. 30, a video taped [sic] confession of petitioner. This confession was coerced by the police through physical abuse of petitioner and it was the fruit of [the] poisonous tree, being the result of an illegal arrest of petitioner. By so ruling, the court denied petitioner his right to a fair and impartial jury trial pursuant to the Sixth and Fourteenth Amendments of the United States Constitution and Articles I, Section 10, 18(a) and 22(a) of the Missouri Constitution.
>
> Exhaustion and Review: This issue was first presented to the Missouri Court of Appeals before bring [sic] it before this court, and the state courts have failed to address this issue under the proper standard of review, therefore, the presumption of correctness should not be afforded to the state court[] findings.

After considering the words and meaning of Ground Seven, the District Court concluded that the "sole claim" that was properly before it with respect to Ground Seven was Bracken's "assertion that the trial court failed to make a specific finding regarding the voluntariness of his confession, in violation of his due process rights under the fourteenth amendment." Mem. and Order at 10. The District Court does not

explain how it arrived at the conclusion that the <u>Jackson</u> claim was the "sole claim" properly before it.

III.

We begin with a look at the plain language of Ground Seven. Ground Seven claims that the "error" occurred when the trial court "overrul[ed] petitioner's . . . objection [to the] admission of [the] . . . video taped [sic] confession." The objection referred to in Ground Seven was the objection by Bracken's trial counsel originally made at the close of the suppression hearing and renewed immediately before the videotape was played for the jury. Bracken's trial counsel stated that "[m]y object[ion] is based on my pretrial Motion [and] shall be continued through the actual trial." Tr. at 100. The pretrial motion was written and submitted to the trial court before the court denied Bracken's motion to suppress. It necessarily follows that the alleged <u>Jackson</u> error could not be raised or preserved by way of reference to the pretrial motion, as the alleged error had not yet occurred when the motion was submitted. Trial counsel failed to supplement his general objection that relied on the pretrial motion with a specific objection that alleged <u>Jackson</u> error. Ground Seven, therefore, does not reference the <u>Jackson</u> issue.

Earlier cases have made clear that "we will not consider issues or grounds for relief that were not alleged in a prisoner's habeas petition." <u>Frey v. Schuetzle</u>, 78 F.3d 359, 360 (8th Cir. 1996) (citing <u>Williams v. Lockhart</u>, 849 F.2d 1134, 1139 (8th Cir. 1988)). Similarly, district courts must be as mindful as the appellate courts to adjudicate on the merits only those claims that the prisoner properly raises and to avoid those issues that have not been properly raised. After careful review of the entire record, we find that the words and meaning of Ground Seven cannot support the District Court's holding; the <u>Jackson</u> argument is simply not found anywhere in Bracken's petition. While it is our longstanding practice to construe pro se pleadings liberally, <u>Jones v. Jerrison</u>, 20 F.3d 849, 853 (8th Cir. 1994), we cross the permissible

boundary when, as here, the petition cannot reasonably be construed as raising the claim upon which the District Court granted relief.

This is not a case where the petitioner inartfully raised factual issues that implicated legal propositions that he could not reasonably be held responsible for articulating. See White v. Wyrick, 530 F.2d 818, 819 (8th Cir. 1976) (per curiam) (finding pro se petition should be "interpreted liberally and . . . should be construed to encompass any allegation stating federal relief"). Not only is the applicable law not set forth in Bracken's petition to the District Court, but more importantly, none of the facts supporting the Jackson claim is set forth. This is noteworthy because the record shows that not only was Bracken aware of the Jackson argument at the time that he filed his § 2254 petition, but he also had a pre-written Jackson argument at his disposal, i.e., the Jackson claim was previously articulated in his consolidated appeal to the Missouri Court of Appeals.

We are also more apt to deem a claim preserved if the claim actually raised in the habeas petition shares the same legal analysis and standards as the different claim relied upon by the District Court, as here, or in the appeal. See Frey, 78 F.3d at 361 ("[F]ederal courts should not grant habeas relief to a petitioner based upon a legal theory that involves an entirely different analysis and legal standards than the theory actually alleged by the petitioner."). Here, Bracken's claim that his confession was coerced as set forth in Ground Seven is a different issue, governed by different standards, from the procedural Jackson claim. Compare Jackson, 378 U.S. at 394 (holding that trial court must determine whether the confession was voluntary before admitting it into evidence), and Sims, 385 U.S. at 544 ("[The judge's] conclusion that the confession is voluntary must appear from the record with unmistakable clarity."), with Reese v. Delo, 94 F.3d 1177, 1183 (8th Cir. 1996) ("In determining whether a confession is voluntary, we consider the totality of the circumstances."), cert. denied,

-7-

520 U.S. 1257 (1997), and Hall v. Wolff, 539 F.2d 1146, 1150-51 (8th Cir. 1976) (citing expansive list of factors to be considered in evaluating voluntariness).[2]

IV.

We conclude that Bracken failed to raise the Jackson claim in his habeas petition and that the District Court therefore lacked a proper basis for granting relief on that claim. We therefore reverse.

RICHARD S. ARNOLD, Circuit Judge, dissenting.

Mr. Bracken is in custody pursuant to a state trial that did not satisfy the Constitution. There can be little argument on that point. Well-settled Supreme Court precedent establishes that a defendant is entitled to have the trial court make a finding of voluntariness with "unmistakable clarity," Sims v. Georgia, 385 U.S. 538, 544 (1967), before admitting his confession into evidence. Here, the trial judge left it "ambiguous," ante at 3, whether such a finding was made. The Court does not even discuss, much less accept, the State's position that the finding of voluntariness was constitutionally sufficient. It holds instead that, under the circumstances, the District Court had no authority to order the error corrected. I respectfully disagree.

I.

_____

[2]The record shows that both parties framed the Ground Seven claim to the District Court as the reasonableness of the trial court's voluntariness finding, not as the Jackson claim upon which the District Court ultimately granted relief. There is no indication that the District Court apprised the State that it was considering granting relief on a basis not independently set forth in Bracken's petition, and the State was therefore deprived of the opportunity to brief the Jackson issue or the attendant procedural default issues.

The Court argues that the <u>Jackson</u> claim was outside the scope of Mr. Bracken's habeas petition. Two different standards may govern this question. Where a petition is prepared by counsel, a court "should only adjudicate those grounds upon which habeas relief [is] actually sought." <u>Frey v. Scheutzle</u>, 78 F.3d 359, 361 n.2 (8th Cir. 1996). Relief is "actually sought" upon a given theory only if that theory is "explicitly pled . . . as a separate ground for relief in . . . [the] petition." <u>Id.</u> at 361. While there is no strict requirement that the legal basis of relief be articulated, we have endorsed the view that petitions prepared by counsel "should" make that basis clear. See <u>Frey</u> at 361; <u>Jones v. Jerrison</u>, 20 F.3d 849, 853 (8th Cir. 1994). But where a petitioner without legal expertise prepares his own pleading, we must construe it "in a broad and remedial manner." <u>Crooks v. Nix</u>, 872 F.2d 800, 804 (8th Cir. 1989). A <u>pro se</u> petition should be "interpreted liberally and . . . should be construed to encompass any allegation stating federal relief." <u>White v. Wyrick</u>, 530 F.2d 818, 819 (8th Cir. 1976). As the Tenth Circuit has said,

> [I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

<u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991); see also <u>Sanders v. United States</u>, 373 U.S. 1, 22-23 (1963) (Brennan, J.) ("The judge is not required to limit his decision on the . . . [habeas] motion to the grounds narrowly alleged, or to deny the motion out of hand because the allegations are vague, conclusional, or inartistically expressed. He is free to adopt any appropriate means for inquiry into the legality of the prisoner's detention in order to ascertain all possible grounds upon which the prisoner might claim to be entitled to relief.").

A remedial interpretation of this kind often involves supplying legal or factual statements that the petition should contain, or relaxing the rule that requires such statements, where it reasonably appears that they were omitted merely for lack of legal know-how. This follows naturally from the Supreme Court's statement in <u>Haines v. Kerner</u> that a <u>pro se</u> habeas petition should be held to "less stringent standards than formal pleadings drafted by lawyers . . .." 404 U.S. 519, 520 (1972). Although in <u>Haines</u> it was the petitioner's factual allegations that fell short of normal standards of pleading, the interpretive principle invoked there applies as well to cases in which a <u>pro se</u> litigant fails to make clear the legal theory under which relief is sought. For example, in <u>Hughes v. Rowe</u>, 449 U.S. 5 (1980), the petitioner did not make explicit whether he sought relief under the Eighth Amendment or under the Due Process Clause, but he did allege, <u>inter alia</u>, that he had been placed in solitary confinement and that he had been given no hearing on the disciplinary charges for which he received that punishment. See 449 U.S. at 10 n.8. The Supreme Court reversed the dismissal of his petition. See 449 U.S. at 10.

A similar situation is presented when a misunderstanding of the law causes a <u>pro se</u> petitioner to advance a claim upon which no relief can be granted, instead of a closely related claim that has a possibility of success. <u>White v. Wyrick</u>, <u>supra</u>, is a good example.[3] In <u>White</u>, the petitioner requested relief on a basis not then cognizable in federal habeas proceedings, namely that the evidence against him was insufficient to support a verdict as a matter of state law. Applying the liberal-construction rule, we instructed the District Court to treat that part of the petition as stating the federal due-

---

[1]Contrary to the Court's view, <u>ante</u> at 7, there is no indication that <u>White</u> was a case in which a petitioner's factual allegations needed only to be fitted out with a federal legal theory. See <u>White</u>, 530 F.2d at 819-20 (Webster, J., dissenting) ("The factual allegations contained in petitioner's section 2254 petition state no more than that Judge Statler, the state trial judge, would support by opinion testimony his belief that there was insufficient evidence to support the conviction.").

process claim that the record contained *no* credible evidence to support the conviction. See 530 F.2d at 819.

Of course, a pro se pleading is not a magic hat out of which a court may pull any claim it thinks should have been advanced. As the Tenth Circuit cautions, it is not the place of a district court to act as the petitioner's advocate. See Hall, supra, at 1110. We have adopted a somewhat more specific restriction, holding that "federal courts should not grant habeas relief to a petitioner based upon a legal theory that involves an entirely different analysis and legal standards than the theory actually alleged by the petitioner." Frey, 78 F.3d at 361. Yet while this general rule does set a limit to liberal construction of the kind found in White, that limit dictates a reversal only where the claim on which relief is granted shares *no* legal elements with any claim actually alleged in the petition. In a pro se case presenting such a claim, the favored course is to allow an amendment. Compare Frey, 78 F.3d at 361 ("On remand, Frey of course may seek permission from the district court to amend his petition . . .."), with Sanders, 373 U.S. at 19 (prior to Haines; stating that a court had the power to deny a habeas motion for conclusory allegations, but that "the better course might have been to direct petitioner to amend his motion . . .."); Platsky v. C.I.A., 953 F.2d 26, 28 (2d Cir. 1991) (In light of Haines, "[i]nstead of simply dismissing the complaints for naming federal agencies as the defendants, it would have been appropriate for the district judge to explain the correct form to the pro se plaintiff so that Platsky could have amended his pleadings accordingly."); Rotolo v. Borough of Charleroi, 532 F.2d 920, 923 (3d Cir. 1976) (discussing application of Haines standard to pro se civil rights complaint; holding that, while District Court correctly held that the complaint failed to state a claim, plaintiff should have been allowed an opportunity for amendment).

What the District Court did here is like what we did in White. Although Mr. Bracken's Ground Seven did not clearly set forth the claim on which he was ultimately granted relief, it did clearly allege a violation of his right against self-incrimination, and it did the job of getting the District Court to examine whether that right was violated

in the part of the trial in which the confession was admitted. Upon looking there, the District Court found an error of that very kind, and construed the petition's allegations as encompassing that error. This was within the rule of Frey, because the claim actually pleaded was not "entirely different" from the claim on which relief was granted. See 78 F.3d at 361. Although there is a clear distinction between a coerced-confession claim and a procedural-right claim grounded in Jackson and Sims, the two claims do share a common root in the Constitution's guarantee against coerced self-incrimination. While a grant of leave to amend would also have been reasonable, I do not believe that the District Court erred in taking the course that it did.

Neither White nor Frey holds that a District Court may always grant relief on any ground that shares some legal element in common with a claim actually asserted in the petition. But although a narrower restriction may be appropriate in some cases, it is not appropriate here. Like the right to counsel at the stages of trial and direct appeal, our duty of liberally interpreting pro se habeas pleadings is founded on the concern that a layman may have legal rights that he is not reasonably able to discover and defend, or even to understand, without professional guidance. "That which is simple, orderly and necessary to the lawyer, to the untrained layman may appear intricate, complex and mysterious." Johnson v. Zerbst, 304 U.S. 458, 463 (1938). This concern has particular force when, as here, the understanding of a right requires a layman to grasp a somewhat technical point about the criminal trial process. If it were proved that Mr. Bracken understood his Jackson claim, but deliberately abandoned it, the equities would be different. See, e.g., Wong Doo v. United States, 265 U.S. 239 (1924). But that inference is not sufficiently supported by the fact that he failed to copy the argument from his former lawyer's brief.

It appears unlikely that pro se litigants will be more careful in their pleadings because of the Court's holding today, because as a class they are generally untrained in the law. If, on the other hand, we affirmed the District Court, the State would merely bear the expense of correcting a clear constitutional error. That is part of the cost a

state undertakes in operating a system of courts.  Under circumstances such as these, if we find the case a close one, the weight that tips the scales should be our solicitude to uphold the Constitution.

II.

I believe that the District Court was authorized to reach the <u>Jackson</u> claim.  In holding to the contrary, the Court adopts an overly narrow interpretation of a court's duty liberally to construe <u>pro</u> <u>se</u> habeas petitions.  I therefore respectfully dissent.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.