**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0071n.06

**No. 09-1556**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

***Jan 23, 2012***

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| JARROD JOHNSON, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| Petitioner - Appellant, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent - Appellee. | ) | |
| _____ | ) | |

**Before: MARTIN, CLAY, and WHITE, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.** Petitioner Jarrod Johnson was convicted of bank robbery and firearms charges in the Eastern District of Michigan. He is now serving two concurrent 96-month sentences and one 84-month consecutive sentence. Johnson attempted to file a habeas petition under 28 U.S.C. § 2255 ("§ 2255"), which the district court dismissed as untimely filed. We **AFFIRM**.

I.

Johnson was convicted of bank robbery, 18 U.S.C. § 2113(a) (count one), using, carrying, and brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. §§ 924(c)(1) (count two), and felon in possession of a firearm, 18 U.S.C. § 924(g)(1) (count three). He received concurrent 115-month sentences on counts one and three, and an 84-month consecutive sentence on count two. Johnson appealed, and we affirmed the convictions and remanded for re-sentencing in

light of *United States v. Booker*, 543 U.S. 220 (2005).  At resentencing, the district court reduced the concurrent sentences to 96 months, and the amended judgment was entered on January 24, 2007.

Johnson claims that at the time of resentencing he directed his counsel to file a notice of appeal.  However, neither Johnson nor his counsel filed a notice of appeal prior to the then-10-day deadline for filing a notice of appeal after entry of final judgment.

On May 15, 2007, Johnson wrote a letter to the district court stating:

Greetings, the purpose of this letter is to restore my appellate rights which I fear have been time barred due to inaction on the part of counsel.  The attorney was instructed to enter notice of appeal on re-sentencing and as of this date nothing has been received showing notice has been filed.

If notice has been filed and my being informed [sic] is due to a delay in mail catching up due to transit please disregard this letter.  If notice of appeal has not been timely filed let this letter serve as that notice.  Your assistance and cooperation is appreciated with your response being anticipated.  Thank you.

Johnson's letter was docketed as a notice of appeal.  On June 15, 2007, we issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction due to untimeliness. In Johnson's response, he outlined his attempts to reach his attorney while being transferred from one institution to another to determine whether his appeal had been filed.  On July 30, 2007, we dismissed Johnson's appeal for lack of jurisdiction on the basis that it was untimely.

On August 2, 2007, Johnson wrote a letter to the district court, which stated in its entirety:

My name is Jarrod Johnson and I'm writing this honorable court's clerk to ask when is my deadline date for my "2255."  The reason why I'm asking is to prevent me from missing out on the opportunity to file the "2255."  I'll be graciously waiting on your reply, thank you for your attention clerk of the court.  Sincerely, Jarrod Johnson.

The letter was docketed on August 9, 2007, as a letter regarding deadlines; the district court did not respond to this letter.

2

Johnson moved for reconsideration of the dismissal of his appeal on August 17, 2007, asserting that he had told his trial counsel to file an appeal on his behalf and that her failure to do so constituted ineffective assistance of counsel. We denied the motion on September 20, 2007, "without prejudice to whatever rights the defendant may have to seek relief pursuant to 28 U.S.C. § 2255 for the alleged ineffective assistance of counsel." Johnson did not seek Supreme Court review.

On August 13, 2008, Johnson filed the instant *pro se* motion to vacate under § 2255. He raised several ineffective assistance of counsel claims, including the claim that his counsel on appeal neglected to file a notice of appeal. In that section of his § 2255 motion, Johnson asserted the motion was timely on the ground that because his "appeal was docketed in the Sixth Circuit and adjudicated, albeit unfavorably," his judgment did not become final until the time for filing a petition for writ of certiorari to the Supreme Court expired, ninety days after the motion for reconsideration of the appeal was denied. Johnson cited *Clay v. United States*, 537 U.S. 522, 525 (2003).

The United States moved to dismiss Johnson's § 2255 petition on the basis that it was untimely. In Johnson's response, he reiterated his argument that the one-year statute of limitations began to run ninety days after his motion for reconsideration was denied. The district court dismissed Johnson's § 2255 petition as untimely, and Johnson timely appealed from that dismissal.

II.

We review *de novo* a district court's legal conclusions in a habeas proceeding. *See Miller v. Collins*, 305 F.3d 491, 493 (6th Cir. 2002) (citation omitted). The decision whether to apply equitable tolling to a case where determinative facts are undisputed is reviewed *de novo*. *See Solomon v. United States*, 467 F.3d 928, 932 (6th Cir. 2006) (citation omitted).

3

III.

A.  Timeliness Under § 2255(f)(1)

    1.  Date of Finality of the Conviction

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes that state and federal prisoners have a one-year limitations period in which to file a habeas corpus petition.  That period runs from one of four specified dates, the first of which is "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  Generally, a conviction becomes final upon conclusion of direct review.  *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (citing *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002)).  When a federal criminal defendant appeals to the court of appeals, the judgment of conviction becomes final for § 2255 purposes upon the expiration of the ninety-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition is filed.  *See id.* at 426–27 (citing *Clay*, 537 U.S. at 532 (reading the words "becomes final" in § 2255 to have the same meaning as the analogous provision for state prisoners in 28 U.S.C. § 2244(d)(1)(A), which specifies "by the conclusion of direct review or the expiration of the time for seeking such review")).  Using the same reasoning, we have held that "when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed."  *Id.* at 427.  At the time relevant to this suit, that period was ten days after the entry of judgment, or February 7, 2007.  *See* Fed. R. App. P. 4(b)(1) (2008) (amended 2009).

Johnson argues that his conviction did not become final, and therefore the one-year statute of limitations did not begin to run, until December 19, 2007, ninety days after the denial of his

motion to reconsider the dismissal of his direct appeal for untimeliness. The ninety-day period represents the expiration of the time for seeking Supreme Court review.

There are circumstances under which a conviction that has become final can be rendered nonfinal for purposes of the 1-year AEDPA limitations period for filing a § 2255 or § 2254 motion. In *Jimenez v. Quarterman*, 555 U.S. 113 (2009), the Supreme Court held that where a state court reopens direct review of a conviction, the conviction is no longer final for purposes of the one-year statute of limitations for state habeas proceedings. *Id.* at 120. In *Jimenez*, the Texas Court of Criminal Appeals granted petitioner the right to file an out-of-time appeal when it determined that he was denied the right to a meaningful appeal. As a result, his conviction "was again capable of modification through direct appeal to the state courts and to [the Supreme Court] on certiorari review." *Id.* The pendency of his direct appeal was restored and his conviction did not become final until the time for seeking certiorari review in the Supreme Court expired. *Id.*

Similarly, we have contemplated but not decided whether a conviction that became final at the expiration of the time to file a notice of appeal would no longer be final where a Fed. R. App. P. 4(b)(4) extension of time is sought and granted.[1] *See Sanchez-Castellano*, 358 F.3d at 427. *Jimenez* suggests that if a 4(b)(4) motion were granted, thereby extending the time to file a direct appeal, a late notice of appeal could render a conviction nonfinal and delay the running of the one-year limitations period until after the Supreme Court affirmed a conviction on the merits or denied a petition for writ of certiorari, or the time for filing a certiorari petition expired.

---

[1]Fed. R. App. P. 4(b)(4) allows the district court, before or after time has expired, and upon a showing of good cause or excusable neglect, to extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by Rule 4(b).

However, the mere filing of a late notice of appeal is not sufficient under *Jimenez* to render a final conviction nonfinal for purposes of § 2255. *See Jimenez*, 555 U.S. at 120 n.4 (refusing to depart from the general rule that "the possibility that a state court may open direct review 'does not render convictions and sentences that are no longer subject to direct review nonfinal'" (citing *Beard v. Banks*, 542 U.S. 406, 412 (2004))). *Jimenez* merely held that "where a state court has *in fact* reopened direct review, the conviction is rendered nonfinal for purposes of § 2244(d)(1)(A) during the pendency of the reopened appeal." *Id.* (emphasis added). We reached a similar conclusion in *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001). There, we held that where the time for seeking an appeal in the state Supreme Court had expired, the filing of a "motion for delayed appeal" under the Ohio Supreme Court Rules of Practice did not delay the running of the one-year statute of limitations because,

> it would effectively eviscerate the AEDPA's statute of limitations. Leave to file a late notice of appeal can be sought at any time, even many years after conviction. If the one-year period of limitations did not begin to run until such an application for leave to appeal was denied, the one-year statute of limitations would be meaningless; merely by delaying his application for leave to file a late notice of appeal, a petition could indefinitely extend the time for seeking habeas relief.

*Id.* at 519 (quoting *Raynor v. Dufrain*, 28 F. Supp. 2d 896, 898 (S.D.N.Y. 1998)).

Johnson's attempt to distinguish *Searcy* by characterizing his untimely notice of appeal as a direct appeal that was not resolved on the merits is unpersuasive. In *Searcy*, we rejected the argument that a "motion for delayed appeal" under the Ohio Supreme Court Rules of Practice was a part of the direct appeal process. Despite differences in nomenclature, petitioners in both cases were seeking leave to file an untimely appeal. The reasoning in *Searcy* applies with equal force to an untimely notice of appeal, which similarly can be filed "at any time, even many years after the

6

conviction." If the filing of an untimely notice of appeal reset the running of the limitations period, the statute of limitations period would be rendered just as meaningless.[2] Because Johnson filed his notice of appeal after the period in which an extension could have been granted, the district court lacked authority at that time to reopen direct review, *see* Fed. R. App. P. 26(b)(1), and in fact it did not do so, instead rejecting Johnson's appeal as untimely on July 30, 2007. Therefore, we conclude Johnson's conviction became final on February 7, 2007, ten days after entry of the amended judgment, when the time to file a notice of appeal expired without Johnson having done so.

### 2. Johnson's Letter of August 2, 2007

Johnson further argues that his § 2255 petition is nevertheless timely under § 2255(f)(1) because his letter of August 2, 2007, should be construed as a § 2255 petition. Rule 2 of the Rules Governing Section 2255 Proceedings prescribes the form of a § 2255 petition. It requires that such motions, *inter alia*, (1) specify all the grounds for relief available to the moving party; (2) state the facts supporting each ground; and (3) state the relief requested. *See* R. Governing § 2255 Proceedings 2(b)(1)–(3). Rule 2(c) provides that a § 2255 motion must "substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." R. Governing § 2255 Proceedings 2(c). Johnson's letter undoubtedly was not filed in the form of a § 2255 motion

---

[2] Johnson also argues that it would be unfair for the limitations period to run against him while his direct appeal was pending because he could not have filed a § 2255 motion during that period. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) (refusing to consider a § 2255 petition while a direct appeal was pending in another court). But direct review of Johnson's conviction *had* ended prior to his filing an untimely notice of appeal. To the extent Johnson's argument is that the district court's docketing of his untimely notice of appeal as a "notice of appeal" misled him into believing direct review of his conviction had not ended, we find—and Johnson cites—no support for the proposition that any unfairness resulting from such confusion would postpone the running of the statute of limitations under 28 U.S.C. § 2255(f)(1). Instead, this argument goes to whether confusion over the state of the law can operate to equitably toll the statute of limitations, and is considered in the section on equitable tolling below. *See infra* Part III.C.

because it specified no grounds for relief, offered no facts to support any ground for relief, and asked only about the deadline for filing a § 2255 motion so as to "prevent [Johnson] from missing out on the opportunity to file" one.

The advisory committee notes to the 2004 Amendments to Rule 2 indicate that, in light of the significant penalties imposed by AEDPA for late filings, the rules were reconfigured so that motions that are not in proper form would no longer be returned as insufficient. *See* R. Governing § 2255 Proceedings 2 advisory committee's note. In revising Rule 2 to reflect the more lenient approach, "[t]he Committee believed that the better procedure was to accept the defective motion and require the moving party to submit a corrected motion that conforms to Rule 2(b)." *See id*.

Johnson contends that the letter should be liberally construed as a defective § 2255 motion for the purposes of satisfying the statute of limitations because it "unequivocally manifested his intent to file a § 2255 petition." The Sixth Circuit has held that *pro se* pleadings are to be liberally construed and that in some cases active interpretation is required "to construe a pro se petition 'to encompass any allegation stating federal relief.'" *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (citing *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir.1976)). In the context of a direct appeal, we have ruled that even though a district court may not extend the time period for filing a notice of appeal, "where a document is filed within the [deadline] which represents a clear assertion of an intent to appeal, courts of appeals have the power to overlook irregularities where fairness and justice so require." *See United States v. Hoye*, 548 F.2d 1271, 1273 (6th Cir. 1977) (finding that a motion for delayed appeal filed by defense counsel who erroneously concluded the deadline for appeal as of right had expired, and which contained most of the essential facts required of a notice of appeal, should be treated as in compliance with the deadline); *but see Isert v. Ford Motor Co.*, 461 F.3d 756,

760–62 (6th Cir. 2006) (refusing to construe a motion for extension of time to file a notice of appeal as a notice of appeal where the motion did not specify the judgment being appealed nor otherwise convey an intent to appeal).

However, these cases all arose in the context of appeals under Rule 3 of the Federal Rules of Appellate Procedure, which explicitly provides that "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." Fed. R. App. P. 3(c)(4). The advisory committee notes further clarify that "dismissal of an appeal should not occur when it is otherwise clear from the notice that the party intended to appeal. If a court determines it is objectively clear that a party intended to appeal, there are neither administrative concerns nor fairness concerns that should prevent the appeal from going forward." *See* Fed. R. App. P. 3 advisory committee's note.

Assuming that a similar clear intent standard should be applied to a § 2255 petition, Johnson's letter in no way evidenced a clear intent to serve as a § 2255 petition. Rather, it was an inquiry regarding deadlines and revealed Johnson's intent to file a § 2255 petition in the future.

Johnson cites cases from the Third Circuit in arguing that his letter should have at least triggered an obligation on the part of the district court to provide Johnson with notice of his rights under § 2255. *See United States v. Miller*, 197 F.3d 644, 646 (3d Cir. 1999) (requiring district courts to provide notice of rights under §2255 "upon receipt of a pro se pleading challenging an inmate's conviction or incarceration—whether styled as a § 2255 motion or not"); *see also United States v. Delgado*, 363 F. App'x 853, 855 (3d Cir. 2010) (holding that where a *pro se* criminal defendant sent a letter to the district court expressing a "present intention to seek relief potentially available under § 2255," the letter was sufficient to trigger the obligation under *Miller* to provide Delgado with

9

notice of the effect of his pleadings). However, even under the Third Circuit's approach, Johnson's letter would not trigger a duty on the part of the district court to provide him with notice of the effect of his pleadings. Again, although Johnson's letter expressed clearly his intent to file a § 2255 motion ("the reason why I'm asking is to prevent me from missing out on the opportunity to file the '2255'"), it is best characterized as an intention to file a § 2255 motion in the future, prior to the deadline, rather than a present intention to seek relief under § 2255.

Accordingly we conclude that even under liberal rules of construction, Johnson's letter cannot be construed as a § 2255 motion for the purposes of the § 2255 limitations period. Therefore, Johnson did not file his § 2255 petition within one year of the date on which his judgment of conviction became final.

B. Timeliness Under § 2255(f)(4)

A petition for habeas relief under § 2255 may also be filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). "[T]he petitioner bears the burden of proving that he exercised due diligence." *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir.2006) (ruling on a 28 U.S.C. § 2254 petition filed by a state prisoner). As we explained in *DiCenzi*:

> [t]he proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered [that no appeal had been filed]. After that date, petitioner was entitled to further delay (whether in actually making the discovery, or in acting on a previously made discovery, or for any other reason whatsoever), so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence.

*Id.* (quoting with alteration *Wims v. United States*, 225 F.3d 186, 190 (2d. Cir. 2000)).

Here, Johnson argues that the facts supporting his claim of ineffective assistance of counsel based on his counsel's failure to file a notice of appeal could not have been discovered through the exercise of due diligence prior to August 13, 2007, one year prior to the date on which his habeas petition was filed. Specifically, Johnson argues that the statute of limitations did not begin to run until September 20, 2007, when we denied his motion for reconsideration of the dismissal of his appeal. The United States responds that the facts supporting Johnson's claim could have been discovered on or before May 18, 2007, when he wrote to the district court questioning whether his counsel had filed a notice of appeal.

Johnson relies on additional language in *Wims* for the contention that, to determine the relevant date for purposes of § 2255(f)(4), the court must look to when the particular claim *accrued*. In *Wims*, the Second Circuit stated that 28 U.S.C. § 2255(f)(4) "resets the limitations period's beginning date, moving it from the time when the conviction became final . . . to the later date on which the particular claim accrued." *Wims*, 225 F.3d at 190 (citation omitted). Johnson argues that because a claim of ineffective assistance of counsel requires both deficient performance by an attorney *and* prejudice to the defendant, that date could not have come until Johnson "learned that he had been irrevocably deprived of his appellate rights," i.e., when this Court denied his motion for reconsideration on September 20, 2007.

Johnson's interpretation of § 2255(f)(4), tying the beginning of the limitations period to the date when all efforts to avoid prejudice have finally failed, conflicts with the plain language of § 2255(f)(4), which focuses on when "the facts supporting the claim or claims presented could have been discovered." It also conflicts with other language in *Wims* itself, quoted above and adopted by

11

this Court, that ties the beginning of the limitations period under § 2255(f)(4) to when a diligent person would have discovered no appeal has been filed. *See Wims*, 225 F.3d at 190.

Accordingly, the statute of limitations for Johnson's § 2255 petition began running on the date on which a duly diligent person in his circumstances would have discovered that no appeal had been filed. That date could come no later than when Johnson actually discovered that no appeal had been filed and the case would be dismissed. On June 15, 2007, Johnson was directed to show cause why his May 18 notice of appeal should not be dismissed as late. And on July 30, 2007, this Court dismissed his notice of appeal as untimely. That order would have put any duly diligent person on notice that his attorney had failed to timely file a notice of appeal. Because Johnson did not file his § 2255 petition until more than one year after July 30, 2007, we conclude that Johnson's petition was not timely filed under § 2255(f)(4).

C. Equitable Tolling

Johnson also argues he is entitled to equitable tolling because his erroneous conclusion that his § 2255 petition was due before December 2008 was reasonable in light of *Clay v. United States*, which states, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." 537 U.S. at 525. Furthermore, the court's docketing of Johnson's May 15, 2007 letter as a notice of appeal led him to believe direct review of his conviction was ongoing. Additionally, when Johnson wrote to the district court to inquire about the deadline for filing a § 2255 petition, he received no response to clarify his confusion about the state of the law.

The one-year statute of limitations for filing a § 2255 petition is subject to equitable tolling. *See Hall v. Warden, Lebanon Corr. Inst.*, No. 09-3372, — F.3d —, 2011 WL 5965837, at *3 (6th

12

Cir. Nov. 30, 2011) (citing *Holland v. Florida*, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010)).

Petitioner bears the burden of demonstrating he is entitled to equitable tolling. *See McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted). Until recently, we used a five-factor inquiry to determine whether a habeas petitioner was entitled to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) (identifying the following factors as relevant to the equitable tolling determination: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim). The factors were "not necessarily comprehensive or always relevant." *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005). The Supreme Court's decision in *Holland* replaced the five-factory inquiry with a two-part test, under which a habeas petitioner is entitled to equitable tolling only if the petitioner shows that (1) "he has been pursuing his rights diligently," and (2) that "some extraordinary circumstance stood in his way and prevented timely filing." *Hall*, 2011 WL 5965837, at *3 (citing *Holland*, 130 S.Ct. at 2562).

Johnson cites cases in which we have applied equitable tolling where petitioners reasonably relied on confusing rules and laws. In *Keenan v. Bagley*, an order issued by the Ohio Supreme Court that incorrectly suggested the petitioner had six extra months to file a motion for postconviction relief may have altered his legal strategy and prevented him from filing a timely habeas petition. 400 F.3d at 419. We found that if the petitioner "indeed relied on the literal language of the . . . order

13

in structuring his legal strategy, then his argument for equitable tolling might be very strong." *Id.* at 421. We therefore remanded to the district court to determine whether Keenan in fact relied on the misleading court order and whether that reliance was reasonable. *Id.* at 422. Johnson also cites an unpublished case, *White v. Curtis*, in which this Court equitably tolled a state habeas petition limitations period where the petition would have been saved from untimeliness if Michigan had adopted the federal "mailbox rule" for filings on which petitioner relied, or if prison officials had delivered petitioner's appeal only one day earlier. *See* 42 F. App'x 698, 700–01 (6th Cir. 2002). This Court found that the petitioner in *White* reasonably thought he met the requirement, *see id.* at 700, and noted that he exercised diligence, because although "it can be argued that White should not have 'cut it so close' . . . this is not a case where a prisoner simply sat on his rights and did nothing." *Id.*

Both *Keenan* and *White* were decided under our previous five-factor inquiry, which considered the petitioner's "reasonableness in remaining ignorant of the legal requirement for filing his claim." The analysis in *Keenan* and *White* does not survive *Holland*, which focuses on whether extraordinary circumstances prevented a timely filing, and it is questionable whether either case would be decided the same way under the two-part test that now controls when equitable tolling applies. However, even in *White* and *Keenan*, as in other equitable tolling cases, *see King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004) (allowing equitable tolling where petitioner's untimely filing was solely due to government delay), the untimeliness of the filings were in significant part the result of circumstances beyond the petitioners' control.

Here, Johnson's confusion in his attempts to navigate a highly complex area of law is understandable. But that confusion was largely caused by his own misunderstanding of the case law

14

surrounding the one-year statute of limitations under AEDPA. We made clear in *Sanchez-Castellano* that "when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." 358 F.3d at 427. The district court's docketing of his letter as a notice of appeal may have increased Johnson's confusion about the law, but Johnson was put on notice no later than July 30, 2007, that this Court considered his notice of appeal untimely. And although the district court clerk failed to respond to Johnson's letter regarding the § 2255 deadline, the court had no duty to do so, and it did not provide Johnson with incorrect information. We cannot find that extraordinary circumstances prevented Johnson from timely filing his petition. *Hall*, 2011 WL 5965837, at *3. Therefore, Johnson is not entitled to equitable tolling of his claim. Accordingly, we need not rule on whether Johnson sufficiently preserved the issue of equitable tolling.

IV.

Johnson did not file his petition within one year of either the date on which his conviction became final or the date on which the facts supporting his claim of ineffective assistance of counsel could have been discovered through the exercise of due diligence. Additionally, Johnson is not entitled to equitable tolling of the statute of limitations. Accordingly, we **AFFIRM** the district court's dismissal of Johnson's § 2255 petition as untimely.