Sharon A. VANDER MISSEN, Plaintiff,

v.

KELLOGG–CITIZENS NATIONAL BANK OF GREEN BAY, Defendant.

No. 78–C–671.

United States District Court, E. D. Wisconsin.

Aug. 10, 1979.

Thomas E. Bush, Milwaukee, Wis., for plaintiff.

Todd J. Schmeling, Schmeling, Muraski & Wheeler, Green Bay, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This is a civil action brought under the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691–1691f, in which the plaintiff alleges she was denied credit on the basis of her husband's unfavorable credit rating in violation of 15 U.S.C. § 1691 and regulations enacted pursuant thereto. In accordance with Rule 38 of the Federal Rules of Civil Procedure, the plaintiff has requested a jury trial in this action. The question of whether a plaintiff has a right to a jury trial under the Equal Credit Opportunity Act is one of first impression. For the following reasons, however, the Court finds that the plaintiff is entitled to a jury trial under the Equal Credit Opportunity Act.

Section 706 of the Equal Credit Opportunity Act, 15 U.S.C. § 1691e, provides, in part:

(a) Any creditor who fails to comply with any requirement imposed under this subchapter shall be liable to the aggrieved applicant for any actual damages sustained by such applicant either in an individual capacity or as a member of a class.

(b) Any creditor, other than a government or a governmental subdivision or agency, who fails to comply with any requirement imposed under this subchapter shall be liable to the aggrieved applicant for punitive damages in an amount no greater than $10,000 in addition to any actual damages provided in subsection (a) of this section, except that in the case of a class action the total recovery under this subsection shall not exceed the lesser of $500,000 or 1 percentum of the net worth of the creditor. In determining the amount of such damages in any action, the court shall consider, among other relevant factors, the amount of any actual damages awarded, . . .

\* \* \* \* \* \*

(d) In the case of any successful action under subsection (a), (b), or (c) of this section, the cost of the action, together with a reasonable attorney's fee as determined by the court, shall be added to any damages awarded by the court under such subsection.

Although the language of subparagraphs (b) and (d) authorize the Court to determine the award of punitive damages and attorney's fees in a successful action brought under this act, the Court is not persuaded that this language represents an intention on the part of Congress to exclude a jury trial under the statute. Furthermore, the legislative history of the Act is silent regarding the question of a jury trial.

In *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), the Supreme Court considered whether Section 812 of the Civil Rights Act of 1968, 42 U.S.C. § 3612, requires a jury trial upon demand by one of the parties in an action for damages and injunctive relief under this section. Section 812 authorizes private plaintiffs to bring civil actions to redress violations of Title VIII, the fair housing provisions of the Act, and provides that, "[t]he court may grant as relief, as it deems appropriate, any permanent or temporary injunction, or temporary restraining order, or other order, and may award to the plaintiff actual damages and not more than $1,000 punitive damages, together with court costs and reasonable attorney's fees. . . ." 42 U.S.C. § 3612(c) (1976). In

construing Section 812 together with the Seventh Amendment to the United States Constitution, the Supreme Court held that a jury trial was required upon demand of either of the parties.

The Seventh Amendment states that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of a trial by jury shall be preserved." In *Curtis* the Court held that "the Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." 415 U.S. at 194, 94 S.Ct. at 1008. The Court found that the damages action under Section 812 was an action to enforce "legal rights" within the meaning of the Seventh Amendment. In addition, the Court found that the statute basically sounded in tort, merely creating a new legal duty and authorizing the courts to compensate the plaintiff with the traditional forms of relief offered in the courts of law. *Id.* at 195–96, 94 S.Ct. 1005.

■ Applying the reasoning of the *Curtis* Court, this Court finds that the Equal Credit Opportunity Act sounds basically in tort and creates a new legal duty for creditors. In addition, the Act permits a successful party to recover both actual and punitive damages. Both of these forms of relief are traditional forms of relief offered in the courts of law. Therefore, based on the Seventh Amendment right to a jury trial and the reasoning of the Supreme Court in *Curtis v. Loether, supra,* this Court finds that a jury trial is required in an action brought under the Equal Credit Opportunity Act.