United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 96-3693EM

Samuel Ray Noland,          *
                                     *

        Appellant,        *

                                     *   On Appeal from the United
    v.                       *   States District Court
                                     *   for the Eastern District
                                   *   of Missouri.

Commerce Mortgage Corporation,  *

                                   *

        Appellee.         *

_____

Submitted:  June 13, 1997

Filed:  August 8, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, BEEZER* and WOLLMAN, Circuit
    Judges.

_____

RICHARD S. ARNOLD, Chief Judge.

This appeal presents the question of whether Samuel Noland's response to Commerce Mortgage's motion for summary judgment was sufficient to withstand that motion. In July of 1994, Samuel Noland applied to Commerce Mortgage for a mortgage loan of about $41,000. Noland made his application to the bank's "Home

_____

    *The Hon. Robert R. Beezer, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Partnership Program," which extends favorable mortgage terms — such as smaller down payments, lower interest rates, and reduced closing costs — to lower-income home buyers. The bank sent Noland several requests for additional information about certain assets, adverse credit history, and his source of funds for closing. After this and other information about the house had been gathered, the loan amount was raised to $43,650. The bank then determined that Noland would need about $3700 to close. It later revised this estimate, determining that Noland would need $6100.[1] At the end of November, the bank rejected Noland's application, giving as reasons concerns about his credit history and his failure to demonstrate where he would obtain the closing money.

In July 1995, Noland filed a complaint against Commerce Mortgage, alleging that it had rejected his application because he is black, in violation of the Fair Housing Act, 42 U.S.C. §§ 3601-31. After some discovery, Commerce Mortgage moved for summary judgment. Shortly thereafter the District Court[2] granted Commerce Mortgage's pending motion to compel the production of additional documents. Noland sent documents and answers in response to the motion to compel, and included a four-page document that could be construed as a response to Commerce Mortgage's summary-judgment motion.[3] That document asserted that Noland's credit history was respectable, and therefore could not be the reason for his application's having been rejected. It was not signed or verified by Noland. Commerce Mortgage then requested that the Court rule on its motion for summary judgment. The Court shortly thereafter

---

[1]The higher amount reflected the inclusion of amounts necessary to pay off other debts the bank thought Noland should pay, which it had not counted towards its earlier estimate of $3700.

[2]The Hon. Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

[3]Noland proceeded pro se in the District Court. Although we will construe his efforts below charitably, Noland's status does not alter either the substantive or procedural burdens he must carry to survive summary judgment.

granted the motion, holding that "as [plaintiff] has not responded to this motion and as the motion and memo supporting it are persuasive, summary judgment is granted for the reasons set out in the motion and memo[randum]." Appellant's App. 8. Noland appeals.

Even when a defendant's motion for summary judgment is not opposed by the plaintiff, a district court must satisfy itself that, on the record before it, there are no genuine issues of material fact as to at least one of the necessary elements of plaintiff's case. A housing-discrimination plaintiff's prima facie case consists of evidence that the plaintiff was a member of a protected class, that he applied for and was qualified for a loan from the defendant, that the loan application was rejected, and that the defendant has approved loans for applicants with similar qualifications. See Ring v. First Interstate Mortgage, Inc., 984 F.2d 924, 926 (8th Cir. 1993). The parties agree that Noland is black, and his application was rejected. Commerce Mortgage contends that Noland was not qualified, and that he had not presented evidence of others who, although similar in qualification, were not rejected. We agree with the second of these contentions, and therefore hold that summary judgment was proper.

Some evidence was in the record from which a jury could reasonably conclude that Noland was qualified. Commerce Mortgage told Noland initially that he needed to have $3700 in cash to close. A letter from Noland's bank reported that he had this much in his account on November 1. Commerce presented a bank statement that suggests Noland's balance did not reach $3700 until November 16. This discrepancy would be for a jury to resolve, but regardless of its resolution, Noland had the amount originally requested available on November 22, when Commerce Mortgage made the decision to reject Noland's application. Commerce Mortgage had raised the amount required by the time of its decision, but we do not think it can use that change alone to justify its rejection of Noland, since it did not inform Noland of the change until after the rejection of the application. To permit this justification would allow lenders to change the rules of the game at any time so as to prevent an unwanted potential

borrower from ever "qualifying," and thus from being able to make out a prima facie case. Therefore, we conclude that the evidence created material issues of fact on this part of Noland's prima facie case.

We also conclude, however, that there was no evidence in the record that non-black applicants otherwise similar to Noland had received loans from Commerce Mortgage. In part, this derives from Noland's not having information about Commerce Mortgage's treatment of other applicants. But the blame for the absence of this evidence lies with Noland, for his discovery request sought all documents relating to applicants that Commerce Mortgage had approved or denied in the last five years, to which Commerce Mortgage objected on the grounds that it was overly broad and burdensome. Appellant's App. 142. Noland did not seek an order to compel discovery from the District Court, nor did he amend his request to limit its scope. Noland therefore cannot justify his lack of evidence about Commerce Mortgage's approval of other similar applicants. Consequently, the District Court's grant of summary judgment for defendant was correct, because the record contained no evidence that tended to establish the fourth part of Noland's prima facie case.

Affirmed.

A true copy.

Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-