# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 01-3080

————————

| | | |
|---|---|---|
| Johnnie Mae Rowe, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| Union Planters Bank of Southeast | * | District Court for the |
| Missouri, Kevin Chambers, | * | Eastern District of Missouri |
| Patricia Robbins, | * | |
| | * | |
| Appellees. | * | |

————————

Submitted: March 14, 2002

Filed:  May 9, 2002

————————

Before McMILLIAN, HEANEY and RILEY, Circuit Judges.

————————

McMILLIAN, Circuit Judge.

Johnnie Mae Rowe appeals from a final order entered in United States District Court in the Eastern District of Missouri[1] granting summary judgment in favor of Union Planter's Bank of Southeast Missouri ("the Bank") and its individually-named employees, Kevin Chambers and Patricia Robbins, on Rowe's allegations of racial

————————

[1]The Honorable Thomas C. Mummert, III, United States Magistrate Judge for the Eastern District of Missouri, presiding by consent of the parties pursuant to 28 U.S.C. § 636(c)(1).

discrimination in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.* See Rowe v. Union Planter's Bank of Southeast Missouri, No. 1:00CV0062TCM (E.D. Mo. July 17, 2001) (memorandum and order). For reversal, Rowe argues that the magistrate judge erred in finding no genuine issues of material fact to establish a *prima facie* violation of either the FHA or the ECOA. We affirm.

**Background**

In October 1997, Rowe and her husband applied for a loan from the Bank to finance the purchase of a new church and parsonage. On the basis of a loan application prepared by the Bank's loan officer Kevin Chambers, the Rowes were denied both a loan guaranteed by the Farmers Home Administration ("FmHA") and a commercial loan from the Bank. The Rowes then prepared a more detailed loan application with the assistance of a financial consultant and were successful in obtaining a smaller loan from another bank.

The Rowes, an African-American couple, believed that Chambers' advice during the loan application process, his mishandling of the loan application and the Bank's subsequent denial of the loan applications were motivated by racial discrimination. On April 21, 1998, Rowe filed a complaint with the Comptroller of the Currency, who referred the complaint to the Department of Housing and Urban Development ("HUD"), Office of Fair Housing and Equal Opportunity. On June 7, 2000, HUD issued a determination of no probable cause and Rowe then filed a *pro se* complaint in district court on June 19, 2000.

The parties consented to transfer the case to a magistrate judge pursuant to 28 U.S.C. § 636(c)(1). On July 17, 2001, following both parties' motions for summary judgment, the magistrate judge granted summary judgment in favor of appellees, reasoning that Rowe failed to establish the *prima facie* elements of either an FHA or

an ECOA claim.  On August 15, 2001, Rowe filed her *pro se* notice of appeal.  On September 26, 2001, Rowe retained counsel.   This appeal followed.  Jurisdiction in the district court was proper based on 42 U.S.C. § 3601 and 15 U.S.C. § 1691.  Jurisdiction in this court is proper based on 28 U.S.C. § 1291.  The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

## Discussion

We review grants of summary judgment *de novo*, evaluating the evidence in the light most favorable to the nonmoving party to determine whether there are any genuine issues of material fact.  See  Fed. R. Civ. P. 56(c); Radecki v. Joura, 114 F.3d 115 (8th Cir. 1997).  In addition, because Rowe was a *pro se* litigant until this appeal, we liberally construe the allegations in her prior complaints.  See Bracken v. Dormire, 247 F.3d 699, 702-03 (8th Cir. 2001).

In order to establish a *prima facie* FHA or ECOA claim, Rowe must demonstrate that  (1) she was a member of a protected class, (2) she applied for and was qualified for a loan with the Bank, (3) the loan was rejected despite her qualifications, and (4) the Bank continued to approve loans for applicants with similar qualifications.  See Noland v. Commerce Mortgage Co., 122 F.3d 551, 553 (8th Cir. 1997)  (outlining *prima facie* elements of FHA claim) (citing Ring v. First Interstate Mortgage, Inc., 984 F.2d 925, 926 (8th Cir. 1993)); see also Latimore v. Citibank, 979 F. Supp. 662, 665 (N.D. Ill. 1997) (applying the same *prima facie* requirements to ECOA claims as FHA claims).

Rowe argues that summary judgment was improper because the record contains controverted issues of material fact regarding these elements which necessitate a trial.  Specifically, Rowe asserts that (1) she is an African-American, and thus a member of a protected class; (2) she did produce evidence that she was qualified for the loan,

because her subsequent verified loan application, which was prepared by a financial consultant with the same information available to Chambers, qualified her for a loan elsewhere; and (3) Chambers' discriminatory intent can be inferred from the Bank's rejection of her loan application.

We agree with the magistrate judge that Rowe did not satisfy each of the *prima facie* elements constituting an FHA or ECOA claim. The evidence presented by Rowe herself established that she was not qualified for either an FmHA-guaranteed loan or a commercial loan. Additionally, Rowe did not submit any evidence to substantiate her assertion that the loan denials were racially motivated or that similar loans were approved for individuals of a different race with similar qualifications. As a result, we affirm on the basis of the magistrate judge's well-reasoned opinion and hold that Rowe failed to establish a *prima facie* FHA or ECOA claim. <u>See</u> 8th Cir. Rule 47B.

## Conclusion

Accordingly, the order of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.