[DO NOT PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 21, 2005
THOMAS K. KAHN
CLERK

**No. 05-13494**
**Non-Argument Calendar**

_____

D. C. Docket No. 03-03467-CV-MHS-1

YVETTE BOYKIN,

Plaintiff-Appellant,

versus

BANK OF AMERICA CORPORATION,
and its wholly-owned subsidiary
d.b.a Bank of America,
EQUICREDIT CORPORATION,
STATE OF NEW YORK EXECUTIVE
DEPARTMENT, DIVISION OF HUMAN RIGHTS,
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,
EQUICREDIT CORPORATION OF AMERICA,
BANK OF AMERICA, N.A.,

Defendants-Appellees.

_____

**Appeal from the United States District Court**
**for the Northern District of Georgia**

_____

**(December 21, 2005)**

**Before TJOFLAT, MARCUS and WILSON, Circuit Judges.**

**PER CURIAM:**

The district court granted summary judgment in favor of Bank of America and its wholly-owned subsidiary EquiCredit Corporation (collectively the "Bank") on Yvette Boykin's discrimination claim under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, et seq.   Boykin now appeals, contending the following: (1) the district court applied the wrong prima facie elements in resolving her claim, and (2) to make out her claim, she did not need to show that the Bank continued to approve loans for non-minority applicants with credit qualification and loan details nearly identical and significantly parallel to hers, because that standard would be virtually impossible to meet; (3) assuming the court used the correct prima facie elements, she provided evidence sufficient to satisfy such elements; and (4) she proved that the Bank's legitimate non-discriminatory reason – that her loan was a "high-cost" loan under New York state law and, as such, was in violation of the Bank's written lending policy – was a pretext for discrimination.[1]

The FHA makes it unlawful for "any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate

---

[1] In determining whether the district court erred in granting summary judgment – because a material issue of fact remains to be litigated – we use the time-honored standard.  That is, we consider the evidence in the light most favorable to the non-movant, here Boykin, and give her the benefit of all reasonable inferences that evidence yields.

against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race[.]" 42 U.S.C. § 3605(a). A "residential real estate-related transaction" includes "[t]he making or purchasing of loans" "for purchasing, constructing, improving, repairing, or maintaining a dwelling[.]" Id. § 3605(b)(1)(A). In a case such as the instant case, where the plaintiff relies on circumstantial – rather than direct – evidence of discrimination, we use the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), to evaluate the claim of discrimination under the FHA. See Sec'y, U.S. Dep't of Hous. and Urban Dev. v. Blackwell, 908 F.2d 864, 870 (11th Cir.1990).

"[T]he elements of a prima facie case are flexible and should be tailored, on a case-by-case basis, to differing factual circumstances." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1123 (11th Cir. 1993) (quotation marks omitted). In the credit discrimination context, a plaintiff can establish a prima facie case of discrimination by offering evidence showing: (1) that the plaintiff is a member of a protected class; (2) that the plaintiff applied for and was qualified for a loan from the defendant; (3) that the loan was rejected despite the plaintiff's qualifications; and (4) that the defendant continued to approve loans for applicants outside of the

3

plaintiff's protected class with similar qualifications. See Cooley v. Sterling Bank, No. 03-14727, manuscript op. at 12 (11th Cir. July 16, 2004); see also Rowe v. Union Planters Bank, 289 F.3d 533, 535 (8th Cir. 2002). "In order to meet the comparability requirement a plaintiff is required to show that [she] is similarly situated in all relevant aspects to the non-minority" comparator. Silvera v. Orange County Sch. Bd., 244 F.3d 1253, 1259 (11th Cir. 2001) (discussing racial employment discrimination). Comparators must be "nearly identical to prevent courts from second-guessing" reasonable decisions and "confusing apples with oranges." Id. (quotation marks omitted) (discussing the similarity of misconduct needed for a comparator in discrimination claim based on an adverse discipline decision). In "the credit discrimination context, the Plaintiff must present evidence that [she] was 'similarly situated in all relevant aspects' to the non-minority applicants who received loans from [the lender]. In other words, a comparator's credit qualifications and loan details must be 'nearly identical' to the Plaintiff's in order to prevent this court from second guessing the bank's business decision and confusing apples with oranges." Cooley v. Sterling Bank, 280 F.Supp.2d 1331, 1340 (M.D. Ala. 2003) (quotation marks omitted), aff'd, No. 03-14727 (11th Cir. July 16, 2004).

If the plaintiff establishes a prima facie case of discrimination, the burden

4

shifts to the defendant to provide a "legitimate, nondiscriminatory reason for its actions." Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1432 (11th Cir. 1998). If the defendant satisfies his burden, the plaintiff must establish that the employer's reason was a "pretext to mask unlawful discrimination." Id. In this final step, the plaintiff carries the "ultimate burden of establishing by a preponderance of the evidence that a discriminatory intent motivated the [lender's] action." Perryman v. Johnson Products Co., 698 F.2d 1138, 1142 (11th Cir. 1983). "[T]he plaintiff must then present concrete evidence in the form of specific facts which show that the defendant's proffered reason is mere pretext. Mere conclusory allegations and assertions will not suffice." Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990). Federal courts do not sit as a court of appeals that reexamines a bank's business decisions. See Chapman v. AI Transport, 229 F.3d 1012, 1030 (11th Cir. 2000) (addressing age discrimination claim).

> A plaintiff is not allowed to recast [a lender's] proffered nondiscriminatory reasons or substitute [her] business judgment for that of the [lender]. Provided that the proffered reason is one that might motivate a reasonable [lender], [a loan applicant] must meet that reason head on and rebut it, and the [applicant] cannot succeed by simply quarreling with the wisdom of that reason.

Id. Although "[d]epartures from normal procedures may be suggestive of discrimination," Morrison v. Booth, 763 F.2d 1366, 1374 (11th Cir.1985), "the

5

mere fact that [a bank] failed to follow its own internal procedures does not necessarily suggest that [the bank] was motivated by illegal discriminatory intent[,]" Randle v. City of Aurora, 69 F.3d 441, 454 (10th Cir. 1995).

The district court applied the correct prima facie elements in granting the Bank summary judgment. While the elements of a prima facie case are not rigid and are applied on a case-by-case basis, requiring the plaintiff to demonstrate that other similarly situated non-minority applicants obtained loans from the defendant provides essential context to the defendant's decisions, and, absent direct evidence of discrimination, there is no basis for a trier of fact to assume that a decision to deny a loan was motivated by discriminatory animus unless the plaintiff makes a showing that a pattern of lending suggests the existence of discrimination. The bank's underwriting guidelines may be more stringent than the guidelines that generally "qualify" an applicant, and the mere denial of an application to a "qualified" minority applicant does not alone raise an inference of discrimination. Thus, one element of the prima facie case must be that the lender continued to approve loans to similarly situated non-minority applicants.

Boykin failed to establish a prima facie case of discrimination because she did not demonstrate that similarly situated applicants were treated differently. Boykin's evidence of similarly situated applicants included three white applicants

6

whose loans were approved for property within the same geographic area as her property. However, the evidence provided no details regarding the relevant financial status of the applicants and showed that (1) two of the applicants applied for first mortgages, not refinancings, and (2) one of the applicants applied with a co-applicant. These comparators are not "nearly identical" to Boykin, as nothing is known about their relevant financial backgrounds or the costs or amounts of their loans. No other evidence in the record reveals any similarly situated applicants.

Even if we were to assume that Boykin established a prima facie case, the Bank proffered a legitimate nondiscriminatory reason for its decision, and Boykin has not demonstrated that the reason was merely a pretext for discrimination. The Bank denied Boykin's loan because it determined that the loan was "high-cost" under New York law and would be in violation of its written policy against such loans. Boykin contends that the reason was pretextual because (1) the "high-cost" regulations did not apply to her property because it was not owner-occupied, and (2) the Bank failed to follow its internal procedures regarding "high-cost" determinations early in the application process. These arguments are unavailing: (1) we do not reexamine the Bank's business decisions, and, because the "high-cost" loan decision was one that would motivate a reasonable lender, Boykin cannot simply contest the wisdom of the decision, and (2) the Bank's failure to

7

follow internal procedures alone is not evidence of pretext. Therefore, because Boykin failed to make out a <u>prima facie</u> case of discrimination or show that the Bank's legitimate non-discriminatory reason was pretextual, the district court committed no error in granting the Bank summary judgment.

**AFFIRMED.**