**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1271

EDDIE WISE; DOROTHY MONROE-WISE,

          Plaintiffs – Appellants,

     and

ALL PLAINTIFFS,

          Plaintiff,

     v.

TOM VILSACK, Secretary, U.S. Department of Agriculture,

          Defendant – Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (5:10-cv-00197-BO)

Argued:  September 19, 2012     Decided:  November 1, 2012

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Dwight E. Jefferson, COATS, ROSE, YALE, RYMAN & LEE, PC, Houston, Texas, for Appellants.  Neal Fowler, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Thomas G. Walker, United States Attorney, Jennifer May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants Eddie and Dorothy Wise ("the Wises") appeal the district court's dismissal of their Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq. discrimination claim under Federal Rule of Civil Procedure 12(b)(6). Because Appellants failed to plead any facts comparing their treatment to the treatment of non-minority applicants, we affirm the district court's dismissal.

## I.

On October 19, 2000, nine African-American and female farmers brought a class action suit in the District Court for the District of Columbia alleging that the United States Department of Agriculture ("USDA") had discriminated against them on the basis of sex and race by denying access to credit and other benefits. Plaintiffs brought various claims, including the ECOA discrimination claim currently before this Court. In 2003, the District Court for the District of Columbia stayed the entire action pending resolution of related litigation. In 2007, the court denied Plaintiffs' motion to certify a class, and transferred venue to the Eastern District of North Carolina. In 2010, the district court lifted the stay and severed the distinct discrimination claims of the eight remaining plaintiffs, including the Wises' claim before this

3

Court. The Wises did not seek leave to amend their complaint after severance, nor after the district court's grant of the motion to dismiss.

The Wises allege that in 1991, they initiated the process for purchasing a 105.4 acre farm known as the "Lynch farm," that was held in the inventory of the United States Department of Agriculture by the Farmers Home Administration (FmHA). The FmHA identified the Lynch farm, located in Nash County, North Carolina, as suitable for 250 swine and targeted the property for "socially disadvantaged applicants." The Wises allege that when they attempted to obtain loans to purchase the Lynch farm, the local County Supervisor for USDA, F. Sidney Long, discriminated against them because they were African-American by: failing to provide them with loan applications when requested; failing to provide technical support; failing to submit their applications to USDA in a timely manner; failing to appropriately assist and advise them; failing to process their completed applications; summarily denying their loan applications; and retaliating against them for appealing Long's decision and filing complaints of discrimination with the USDA. The Wises also allege that the USDA failed to properly investigate complaints of discrimination they submitted to the USDA.

4

USDA filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), or alternatively, for summary judgment. The district court granted the motion under 12(b)(6). The Wises appealed to this Court.

## II.

We review de novo the decision of a district court to grant or deny a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Brockington v. Boykins, 637 F.3d 503, 505 (4th Cir. 2011). A Rule 12(b)(6) motion challenges the legal sufficiency of a plaintiff's complaint. Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). In evaluating legal sufficiency, the Court assumes that all alleged facts are true. Eastern Shore Markets v. J.D. Associates, 213 F.3d 175, 180 (4th Cir. 2000). While detailed factual allegations are not required, the complaint must contain more than "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must plead sufficient facts to establish "facial plausibility . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

ECOA establishes that it is "unlawful for any creditor to discriminate against any applicant . . . on the basis of race."

15 U.S.C. § 1691(a)(1). Most courts that have considered ECOA discrimination claims have allowed plaintiffs to proceed under the burden-shifting framework laid out by the U.S. Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), in the context of Title VII employment discrimination. See, e.g., Lewis v. ACB Business Services, Inc. 135 F.3d 389, 406 (6th Cir. 1998); Mercado-Garcia v. Ponce Fed. Bank, 979 F.2d 890, 893 (1st Cir. 1992); Cooley v. Sterling Bank, 280 F. Supp. 2d 1331, 1338 (M.D. Ala. 2003); Davis v. Strata Corp., 242 F. Supp. 2d 643, 651-52 (D.N.D. 2003); Gross v. United States Small Bus. Admin., 669 F.Supp. 50, 53 (N.D.N.Y. 1987), aff'd 867 F.2d 1423 (2d Cir. 1988). But see Latimore v. Citibank Fed. Sav. Bank, 151 F.3d 712, 715 (7th Cir. 1998). We followed suit in our sole unpublished opinion on the subject. See Crestar Bank v. Driggs, 995 F.2d 1062 (4th Cir. 1993). Applying McDonnell Douglas in the ECOA context, the Wises had to set forth a prima facie case consisting of four elements: 1) they are members of a protected class; 2) they applied for and were qualified for an extension of credit; 3) USDA's office in Nash County rejected their application for credit despite their qualifications; and 4) USDA continued to extend credit to others of similar credit stature outside of the Wises' protected class. See Rowe v. Union Planters Bank of Southeast Missouri, 289 F.3d 533, 535 (8th Cir. 2002).

The district court determined that even though the Wises pled sufficient facts to establish that they are members of a protected class, applied for an extension of credit, and were rejected despite their qualifications,[*] the complaint was "devoid of any plausible substantive allegations" that established the fourth prong -- that non-minority applicants of similar credit stature were extended credit or were otherwise given more favorable treatment than plaintiffs.

The Wises argue that the multiple allegations of improper treatment by Supervisor Long and the USDA establish the fourth prong of McDonnell Douglas. While the Wises' complaint describes what might be considered harassment, it does not set forth any facts alleging that non-minority credit applicants were treated different than they were treated. Neither the four paragraphs setting forth the facts relevant to their specific case in the complaint, nor the class complaint read as a whole, compares Supervisor Long's treatment of the Wises to any non-minority credit applicant of similar credit stature in Nash County.

---

[*] The Wises alleged in their complaint that they appealed the denial of their loan to the USDA National Appeals Division and prevailed. As such, they are entitled to an inference at the 12(b)(6) stage that they have satisfied the third prong of the prima facie case.

7

The Wises argue for the first time on appeal that reports by the Office of Inspector General and Civil Rights Action Team along with the settlement in the high profile Pigford v. Glickman class action lawsuit establish that there was a pattern or practice of discrimination at USDA that establishes that Appellants were treated different than white farmers. See 185 F.R.D. 82 (D.D.C. 1999).

This Court has not had occasion to decide whether a plaintiff in an ECOA discrimination claim is limited to the standard approach requiring a comparator, or whether a plaintiff can put forward pattern-or-practice evidence to fulfill the fourth prong of a prima facie case. We do not reach this question here because the Wises did not raise the issue below. Generally, a federal appellate court does not rule on issues that are not presented to the district court. Singleton v. Wulff, 428 U.S. 106, 120 (1976). This Court has repeatedly held that issues which are not raised at the district court level will not be considered on appeal unless exceptional circumstances exist such that "refusal to consider the newly-raised issue would be plain error or would result in a fundamental miscarriage of justice." Holland v. Big River Minerals, 181 F.3d 597, 605 (4th Cir. 1999) (quoting Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993)). The Wises' attempt at introducing this new pattern-or-practice theory of

8

the case for the first time on appeal is only acceptable if there are exceptional circumstances present.  See Muth, 1 F.3d at 250 (ruling that Appellant could not bring forward new theories for the first time on appeal to avoid statute of limitations unless exceptional circumstances existed).  The Wises do not attempt to identify any exceptional circumstances that would justify this Court's consideration of a new theory that they did not present to the district court.  As such, we do not consider the viability of using pattern-or-practice evidence to establish the fourth prong of a prima facie case or whether the pattern-or-practice evidence in this case has any effect on the Wises' effort to satisfy the relevant pleading requirements.

Similarly, the Wises' argument on appeal that they have successfully pled discrimination under direct evidence and disparate impact theories fails because they did not raise these theories at the district court level.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED