OPINION
PER CURIAM.
Angel Delgado appeals from the order of the District Court dismissing as untimely his motion for relief from his sentence under 28 U.S.C. § 2255. For the following reasons, we will vacate the judgment and remand for further proceedings. See 3d Cir. LAR 27.4 (2008); 3d Cir. I.O.P. 10.6.
*854 I.
Delgado pleaded guilty to drug trafficking offenses involving crack cocaine and heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2(a). The District Court sentenced him to fifty-four months of imprisonment on July 26, 2007. Delgado did not appeal. Thus, his conviction became final when the ten-day period for appealing expired on August 9, 2007. See Fed. R.App. P. 4(b)(1)(a), 26(a)(2). Any § 2255 motion was due to be filed within one year after that, or by August 8, 2008. See 28 U.S.C. § 2255(f)(1).
On March 23, 2008, Delgado sent a letter pro se to the District Court raising certain questions about his sentence and the crack cocaine Sentencing Guidelines amendment.[1] He also raised allegations about his counsel. According to Delgado, the base offense level set forth in the plea agreement was too high, and he wanted to change his plea to “not guilty.” He further alleged that he raised the issue with counsel, but that counsel “misguided” and “scared” him “into accepting the terms of my plea agreement.” He closed his letter as follows: “On my behalf I would like to file a 2255 on [counsel] for insufficient assistance of counsel for his failure to represent me to the best of his ability and for withholding information from me as well as lying to me.” The letter was docketed in the District Court merely as a letter “inquiring about the level of offense that [Delgado] was sentenced to,” (Dist. Ct. Docket No. 483), and the District Court took no action on it.[2]
On September 1, 2008, some ‘ three weeks after the limitations period expired, Delgado filed an actual § 2255 motion on the standard form. Delgado repeated his allegations against counsel, stated that counsel had him “sign a plea agreement that I didn’t think was right,” and added an allegation that counsel had refused to file a requested appeal challenging the calculation of his sentence. On September 9, 2008, the District Court issued an order directing Delgado to show cause why it should not dismiss the motion as untimely, together with the notice of elections required by United States v. Miller, 197 F.3d 644, 652 (3d Cir.1999). Delgado did not respond. By memorandum and order entered November 7, 2008, the District Court dismissed the § 2255 motion as untimely, also faulting Delgado for failing to respond to the order to show cause. The District Court acknowledged Delgado’s March 23 letter, but construed it merely as a statement that Delgado intended to file a § 2255 motion in the future. Delgado then responded by letter dated November 12, 2008, that he never received the order to show cause. The District Court treated the letter as a motion for reconsideration and again directed Delgado to file a statement of reasons why the § 2255 motion should not be deemed untimely. Instead, Delgado filed pro se a notice of appeal from the November 7 order. The District *855 Court later denied his motion for reconsideration. Delgado has not separately appealed that ruling.
By order entered October 15, 2009, we granted a certificate of appealability on the issues of whether the District Court should have construed Delgado’s March 23 letter as a potential § 2255 motion triggering the District Court’s obligation to provide the notice required by Miller, and whether the District Court thus erred in dismissing Delgado’s subsequently filed § 2255 motion as untimely. We also directed the Government to show cause why we should not summarily vacate the District Court’s order, and the Government has filed its response.[3]
II.
We have long held that courts must liberally construe pro se filings with an eye toward them substance rather than their form. See Miller, 197 F.3d at 648. In this case, Delgado’s March 23 letter specifically advised the District Court that he believed his sentence was incorrect, that he wanted to withdraw his guilty plea but that counsel misguided and scared him into accepting it, and that “[o]n my behalf I would like to file a 2255 on [counsel] for insufficient assistance of counsel for his failure to represent me to the best of his ability and for withholding information from me as well as lying to me.” Construed liberally as they must be, these statements express a present intention to seek relief potentially available under § 2255. Accordingly, they were sufficient to trigger the District Court’s obligation to provide Delgado with notice of the elections required by Miller. See Miller, 197 F.3d at 652 (“[U]pon receipt of pro se pleadings challenging an inmate’s conviction or incarceration— whether styled as a § 2255 motion or not — a district court should issue a notice to the petitioner regarding the effect of his pleadings.”). Among other things, Miller requires district courts to notify petitioners that they may “withdraw the petition and file one all-inclusive § 2255 petition within the statutory period.” Id.
Delgado thus filed with the District Court a potential § 2255 motion on March 23, 2008, with 141 days remaining in the statutory period. Under Miller, the District Court should have notified him at that time that he could file an all-inclusive petition within the statutory period. Instead, the District Court took no action on Delgado’s letter and, when Delgado later filed an actual § 2255 motion some three weeks after the statutory period had expired, dismissed it as untimely. Moreover, because the allegations contained in the § 2255 motion arose at least partially from the same general “conduct, transaction, or occurrence” described in the March 23 letter, it should be deemed to relate back to that letter at least to that extent. Hodge, 554 F.3d at 378. Thus, under the circumstances, the District Court should not have dismissed Delgado’s § 2255 motion as untimely.
The Government’s arguments to the contrary are unpersuasive. The Government appears to suggest — somewhat surprisingly, and in sole reliance on a non-precedential (and inapposite) opinion — that the District Court had no obligation to review Delgado’s March 23 letter at all. Suffice it to say that we disagree. The Government also argues, as the District Court wrote, that Delgado’s March 23 letter stated merely that he “would” file a § 2255 motion in the future. Liberally *856 construed, however, Delgado s letter indicates a present intention to seek § 2255 relief from the District Court, and thus should have triggered the Miller notice.
The Government further argues that Delgado himself has never claimed that the District Court should have construed his March 23 letter as a § 2255 motion. Instead, as the Government notes, Delgado acknowledged the untimeliness of his subsequent § 2255 motion but sought relief from its untimeliness on the grounds that he did not know of the statute of limitations “until I did some research,” which is not sufficient to toll the statute. Delgado’s pro se filings, however, reflect considerable confusion regarding the status of his case,[4] and we will not require him to have argued what, under Miller, the District Court should have done sua sponte. Moreover, if the District Court properly had construed Delgado’s March 23 letter, then it would have sent him notice of the limitations period with 141 days to go and the issue of timeliness likely never would have arisen in the first place.
Finally, the Government argues that the allegations in the March 23 letter are insufficient by themselves to warrant relief. That may be the case, but the argument is beside the point. In response to his letter, Delgado should have received notice under Miller of the opportunity to file an all-inclusive § 2255 motion and, though he later filed a § 2255 motion, he did so without the benefit of the Miller notice. Under the circumstances, we cannot assume that Delgado intended his § 2255 motion to constitute the one, all-inclusive § 2255 motion that the Miller notice would have informed him he had the opportunity to file. For that reason, the merits of Delgado’s claims are not properly before us, and the District Court should address them in the first instance if and when appropriate on remand.
Accordingly, we will vacate the District Court’s judgment. On remand, the District Court is directed to treat Delgado’s § 2255 motion as filed on March 23, 2008, the date of the letter that should first have triggered the Miller notice. The District Court is further directed to reissue the Miller notice and provide Delgado with the various options to proceed specified therein.[5] Finally, because the District Court should have provided Delgado with those options on March 23, when he still had time remaining within the statute of limitations, we will toll the statute of limitations to allow Delgado, should he chose to do so, to file a timely, all-inclusive § 2255 motion within the time permitted by the District Court.

. Delgado mailed his letter on March 23, but it was docketed as received on March 26. Under the prison mailbox rule, prisoner's filings are deemed filed upon mailing. See Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Thus, we will refer to Delgado's submissions as having been filed on the date he mailed them.

. Delgado previously had filed a motion for the appointment of counsel to seek a sentence reduction under the crack cocaine amend-menl to the Sentencing Guidelines (Docket No. 480). The District Court granted that motion and appointed Delgado's original counsel, whom it later allowed to withdraw, then appointed different counsel, whom it allowed to withdraw as well. It appears that Delgado already had received the benefit of the amendment at sentencing, which was second counsel’s basis for seeking leave to withdraw.

. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255(d). We exercise plenary review over the District Court’s dismissal of a § 2255 motion as untimely. See Hodge v. United States, 554 F.3d 372, 377 (3d Cir. 2009).

. For example, Delgado stated in his November 12 letter that he had not mentioned his § 2255 motion in a previous letter to the District Court because he “thought that a higher court was handling that matter being that [I] was challenging this court's decision.” (Docket No. 509 at 3.)

. The District Court included a proper Miller notice in its order of September 9, 2009, which also directed Delgado to show cause why it should not dismiss his § 2255 motion as untimely. After the District Court dismissed the motion, Delgado argued that he had never received the September 9 order. Because the District Court already had dismissed Delgado’s § 2255 motion, Delgado understandably addressed his arguments thereafter to the issue of dismissal, not any election he might have made under Miller. The District Court's September 9 order gave Delgado forty-five days to make his election under Miller, and we see no reason why a similar period would not be warranted on remand.